IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LORENZO P. TAYLOR, SR.                                                                                   PLAINTIFF

v.                                         Civil No. 4:22-cv-04065

CORRECTIONAL OFFICER LANGHOR;
CORRECTIONAL OFFICER MICHAEL;
SGT. ENLOW; DR. DARYL ELKINS;
CAPTIAN JAMES WISE; SHERIFF
JAMES SINGLETON; and NURSE JANE DOE                                              DEFENDANTS

### ORDER

Plaintiff Lorenzo P. Taylor, Sr. originally filed this 42 U.S.C. § 1983 action *pro se* on July 26, 2022.  ECF No. 1.  The Court granted Plaintiff's Application to proceed *in forma pauperis* ("IFP") on the same day.  ECF No. 3.  In the order granting IFP status, Plaintiff was also advised that failure to keep the Court informed of his current address would subject his case to dismissal. Plaintiff subsequently filed an Amended Complaint on August 8, 2022.  ECF No. 7.  Before the Court is Plaintiff's failure to comply with orders of the Court.

On November 30, 2022, mail sent to Plaintiff's address of record was returned to the Court as undeliverable.  ECF No. 21.  Pursuant to the Court's July 26, 2022 Order, Plaintiff was provided with thirty days to notify the Court of his new address.  Plaintiff failed to do so.  On February 6, 2023, Defendants[1] filed a Motion to Dismiss and Brief in Support based on Plaintiff's failure to keep the Court informed of his current mailing address.  ECF Nos. 22 and 23.  Defendants note that all discovery sent to Plaintiff was returned as undeliverable and that the current whereabouts of Plaintiff are unknown.  The Court ordered Plaintiff to respond to Defendants' Motion to Dismiss

---

[1] The Court notes that Dr. Elkins was never properly served in this action, therefore, he has not entered an appearance and is not included in the herein described Defendants.

and provided him until March 3, 2023 to do so. ECF No. 24. Plaintiff failed to respond and the Order was returned to the Court as undeliverable. ECF No. 25.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of April, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge